IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02463-WDM-MEH

DENVER FIRST CHURCH OF THE NAZARENE,

     Plaintiff,

v.

CHERRY HILLS VILLAGE, a Colorado home rule town,
THE CITY COUNCIL OF CHERRY HILLS VILLAGE,
MAYOR DOUGLAS SCOTT,
BONNIE BLUM,
FRED BOUTIN,
VIOLA LAHANA,
JOHN T. LOVE,
CATHY POMEROY,
DOUGLAS TISDALE, and
MIKE WOZNIAK,

     Defendants.

---

## ORDER ON DEFENDANTS' SECOND MOTION TO STAY

---

Before the Court is Defendants' Second Motion to Stay Certain Discovery [Docket #52]. The matter is briefed and has been referred to this Court [Docket #53]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion for a Stay of Certain Discovery.

Defendants previously filed a Motion for Protective Order asserting the defenses of immunity and deliberative and mental process privilege. This Court denied Defendant's Motion and concluded that Defendants were not immune from this litigation, that the discovery sought was directly relevant Plaintiff's claims, and that the deliberative and mental process privileges did not apply in this case because Plaintiff's claims placed the processes directly at issue. Dock. #42. Defendants appealed this Order to District Judge Miller, and that appeal is now pending. Defendants now seek a stay of

discovery with respect to all documents for which Defendants have asserted the deliberative and mental process privileges, as well as the depositions of the individual Defendants, representatives of the Board of Adjustment, and representatives of the Planning and Zoning Commission based on their assertion of immunity. Plaintiff objects to the relief sought as unnecessary and states that it has not sought to compel production of this discovery while the matter is on appeal.

To determine whether a stay is appropriate, the Court is to consider the following factors: (1)the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *Federal Trade Commission v. Mainstream Marketing Serv., Inc.*, 345 F.3d 850 (10th Cir. 2003) (per curiam).

First, the Court does not find that Defendants are likely to succeed on the merits of their appeal, and has specifically found Defendants' arguments regarding immunity inapplicable to the facts of this case. Nevertheless, the remaining factors weigh in favor of a stay. The Court recognizes the potential harm to Defendants in releasing pre-decisional documents before the matters on appeal are resolved. Given Plaintiff's position that is has not sought this discovery while the appeal is pending, there appears to be no harm to Plaintiff in granting the stay. Finally, the Court concludes that the public interest also weights in favor of a stay while the appeal is pending.

Weighing each of these factors, and although believing that the issue is a very close one based on this Court's belief concerning the merits of Defendants' appeal, the Court finds a stay is appropriate pending the District Court's ruling on the appeal. Accordingly, Defendants' Second Motion for a Stay of Certain Discovery [Filed August 29, 2006; Docket #52] is **granted**. Specifically, discovery is stayed with respect to all documents for which Defendants have asserted the deliberative and mental process privileges, as well as the depositions of the individual Defendants,

representatives of the Board of Adjustment, and representatives of the Planning and Zoning Commission.

Dated at Denver, Colorado this 14th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge