**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-02463-WDM-MEH

DENVER FIRST CHURCH OF THE NAZARENE,

    Plaintiff,

v.

CHERRY HILLS VILLAGE, a Colorado home rule town,
THE CITY COUNCIL OF CHERRY HILLS VILLAGE,
MAYOR DOUGLAS SCOTT,
BONNIE BLUM,
FRED BOUTIN,
VIOLA LAHANA,
JOHN T. LOVE,
CATHY POMEROY,
DOUGLAS TISDALE, and
MIKE WOZNIAK,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

    Upon a showing of good cause in support of the entry of this Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED:**

    1.    This Protective Order shall apply to all documents, materials, and information disclosed by a party or witness in this case, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosures or discovery created

1

by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). Interrogatory answers, response to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain material entitled to protection may be considered confidential pursuant to the terms of this Protective Order. A draft or non-identical copy maintained in the regular course of business is a separate document within the meaning of this term.

3. As used in this Protective Order, "CONFIDENTIAL Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from – **not made available to the public and/or entitled to protection from disclosure pursuant to Fed. R. Civ. P. 26(c) or otherwise by law** – and designated by one of the Parties in the manner provided in paragraphs 6 and 10 below as containing CONFIDENTIAL Information.

4. CONFIDENTIAL documents, materials, and/or information, (collectively "CONFIDENTIAL information"), identified in accordance with paragraphs 1 through 3 and 6 of this Protective Order shall not, without the consent of the Party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in the case;

    c. the parties;

    d. the Court and its employees ("Court Personnel");

    e. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    f. expert witnesses and consultants retained in connection with the proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    g. deponents or witnesses listed in each party's disclosures who are anticipated to testify at trial; and

    h. other persons by written agreement of the parties.

  5. As to any persons identified in paragraph (4)(f), (g), or (h) above, documents designated as Confidential may be disclosed by counsel by providing such person with a copy of this Protective Order and obtaining from said person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court upon a showing of good cause by the party requesting the review. At the conclusion of this lawsuit, persons identified in paragraph 4(f), (g) or (h) who have reviewed confidential documents pursuant to the terms of this Protective Order shall return all confidential documents, including copies made of confidential documents, to the party providing the documents for review.

  6. Documents are designated as CONFIDENTIAL by placing or affixing on them, (in a manner that will not interfere with their legibility), the following notice: "CONFIDENTIAL."

7. Any person not listed in paragraph 4 above shall not be permitted to review documents designated as confidential without written consent of the party that designated the document as confidential,

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate appropriate portions of the depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the Party designating the information as CONFIDENTIAL fails to file a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall

bear the burden of establishing by a preponderance of the evidence that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event it is necessary for the Parties to file CONFIDENTIAL information with the Court in connection with any proceeding or motion, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2, in a sealed envelope.

11. At the conclusion of this litigation, including the completion of any appeals related to this matter, the party designating any documents as CONFIDENTIAL may request that the opposing party return the documents within a reasonable period of time, not to exceed sixty (60) days. A request for the opposing party to return CONFIDENTIAL information must be in writing and sent to counsel for the opposing party. Additionally, any request for the return of CONFIDENTIAL INFORMATION must reasonably identify all CONFIDENTIAL documents the party is seeking to have returned. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

12. In the event that the Parties to this litigation, their counsel, or any parties who have consented to be bound to the terms of this Protective Order in any way violate the terms or conditions of this Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any contempt proceedings or any action concerning a litigant's right to injunctive relief as a result of such violations.

13. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such

party shall promptly notify the party or other person who designated the document as CONFIDENTIAL of the subpoena or order in writing.

14. Persons obtaining access to stamped confidential documents subject to this Protective Order shall use the information only for the preparation and trial and/or appeal relevant to this litigation, and shall not use the information for any other purpose.

15. Review of the confidential documents and information provided by the parties to this case to counsel, experts, or consultants shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosures of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

17. The provisions of this Protective Order shall not terminate at the conclusion of this action.

18. It is stipulated that this Protective Order may be signed in counterparts.

Dated at Denver, Colorado this 28th day of December, 2006.

                                                                BY THE COURT:

                                                                s/ Michael E. Hegarty
                                                                Michael E. Hegarty
                                                                United States Magistrate Judge

The Parties, by their respective attorneys of record, hereby agree and stipulate to the entry of this Protective Order:

| | |
|---|---|
| *s/ J. Lawrence Hamil* | *s/ Wendy Shea* |
| J. Lawrence Hamil | Steven J. Dawes |
| HAMIL/HECHT, LLC | Wendy J. Shea |
| 140 East 19th Avenue, Suite 600 | LIGHT, HARRINGTON & DAWES, P.C. |
| Denver, CO 80203-1035 | 1512 Larimer Street, Suite 300 |
| (303) 830 - 1383 | Denver, CO 80202 |
| (303) 830 - 1057 (facsimile) | (303) 298-1601 |
| E-mail: lhamil@h-hllc.com | (303) 298 -1627 (facsimile) |
| Attorney for Plaintiff | E-mail: sdawes@ldhlaw.com |
| | E-mail: wshea@ldhlaw.com |
| | Attorney for Defendants |